IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 6, 2004 Session

# KEVIN DEMERS, ET AL. v. WALTER WHITTENBURG, ET AL.

**Appeal from the Circuit Court for Robertson County**
**No. 9908     John H. Gasaway, III, Judge**

_____

**No. M2003-00184-COA-R3-CV - Filed May 27, 2004**

_____

WILLIAM C. KOCH, JR., P.J., M.S., concurring.

        While I concur with the decision to affirm the trial court's dismissal of Mr. Demers's claims in this case, I write separately to point out that the outcome may very well have been different had we employed the standard customarily used to review orders granting a Tenn. R. Civ. P. 12.02(6) motion to dismiss. However, by using affidavits to oppose the motion to dismiss, Mr. Demers has succeeded in converting the Tenn. R. Civ. P. 12.02(6) motion to a motion for summary judgment. Thus, rather than reviewing Mr. Demers's amended complaint to determine whether it states claims upon which relief can be granted, we need only determine whether, based on the undisputed facts, the defendants have demonstrated that they are entitled to a judgment as a matter of law.

## I.

        After the defendants filed their Tenn. R. Civ. P. 12.02(6) motion, Mr. Demers presented two affidavits to the trial court along with his opposition to the defendants' motion.[1] These affidavits were not attached to either the original complaint or the proposed amended complaint. Therefore, they could not have been deemed to have merged with the pleadings under the provisions of Tenn. R. Civ. P. 10.03. Mr. Demers explicitly relied on these affidavits to oppose the motions to dismiss during the hearing on these motions both in the trial court and on appeal.

        When matters outside the pleadings are presented to the trial court in connection with the determination of a motion to dismiss for failure to state a claim upon which relief can be granted, the trial court must treat the motion to dismiss as a motion for summary judgment unless it excludes the outside matters. Tenn. R. Civ. P. 12.02; *Pacific Eastern Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946, 951 (Tenn. Ct. App. 1995). The trial court did not exclude Mr. Demers's two

_____

[1]Mr. Demers also submitted another affidavit supporting his opposition to the defendants' motion for Tenn. R. Civ. P. 11 sanctions. That affidavit plays no role in my analysis.

affidavits,[2] and therefore, it should have converted the motion to dismiss to a motion for summary judgment.

When a motion to dismiss is converted to a motion for summary judgment under Tenn. R. Civ. P. 12.02, the courts must be careful not to violate a litigant's right to fair notice and a reasonable opportunity to present evidentiary materials made pertinent to a summary judgment motion. Mr. Demers's lawyer, being aware of the plain language of Tenn. R. Civ. P. 12.02, must have made the tactical decision to trigger conversion under Tenn. R. Civ. P. 12.02 when he submitted evidentiary material in opposition to the motion for summary judgment. In light of his lawyer's tactical decision, Mr. Demers cannot now complain that he was taken by surprise when the material he submitted was actually considered in accordance with Tenn. R. Civ. P. 56.

After reviewing the evidentiary material in the record both in support of and in opposition to the defendants' motion, I concur with the majority's conclusion that the record contains no genuine dispute of material fact and that the defendants are entitled to a judgment as a matter of law.

_____
WILLIAM C. KOCH, JR., P.J., M.S.

_____

[2] In its order granting the motion to dismiss, the trial court stated that it had considered "the entire record in the matter."